KIMIA KARAMI (SBN 334708)
kkarami@hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone: 213-680-2800
Facsimile: 213-614-7399

Attorneys for Plaintiff
ARCH SPECIALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ARCH SPECIALTY INSURANCE COMPANY, | Case No.<br>(Hon.  ) |
|---|---|
| Plaintiff, | **COMPLAINT** |
| vs. | Courtroom: |
| B.R. BUILDING RESOURCES COMPANY, | Complaint Filed:<br>Motion Cut-off: |
| Defendant. | |

1

Plaintiff Arch Specialty Insurance Company, by way of Complaint against Defendant B.R. Building Resources Company, states as follows:

## PARTIES

1. Plaintiff Arch Specialty Insurance Company ("Arch") is an insurance company organized under the laws of the State of Missouri with a principal place of business at Harborside 3, 210 Hudson Street, Suite 300, Jersey City, New Jersey 07311.

2. Defendant B.R. Building Resources Company ("BRBRC") is a corporation organized under the laws of the State of California with a principal place of business at 2247 Lindsay Way, Glendora, California 91740.

## JURISDICTION AND VENUE

3. The amount in controversy between the parties exceeds $75,000.00.

4. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

## COUNT ONE
### (Breach of Contract)

5. Arch repeats, restates and realleges the allegations of Paragraphs 1 through 4 as if fully set forth herein.

6. Arch issued workers compensation and employer liability insurance policy no. 71WCI89648-00 to BRBRC for the effective dates of January 1, 2022 to January 1, 2023 (the "Workers Compensation Policy").

7. Arch issued commercial general liability policy no. 71PKG89648-00 to BRBRC for the effective dates of January 1, 2022 to January 1, 2023 (the "Commercial General Liability Policy").

8. Arch issued business auto policy no. 71PKG89648-00 to BRBRC for the effective dates of January 1, 2022 to January 1, 2023 (the "Business Auto Policy").

9. The Workers Compensation Policy, Commercial General Liability Policy and Business Auto Policy (collectively the "Policies") are insurance contracts

providing insurance coverage for certain liabilities of BRBRC, as set forth in the Policies, in exchange for premiums.

10. Arch fulfilled its contractual obligations and provided coverage under the Policies.

11. Pursuant to the terms of the Policies, the initial premiums were based on information submitted by BRBRC and/or its insurance agent/broker on BRBRC's behalf regarding BRBRC's estimated exposure for the effective dates of coverage.

12. Because initial premiums are based on estimated information, the Policies are subject to audit based on the actual exposure during the effective dates of coverage. The audit can result in additional premiums due to the insurer from the insured, or return of premiums due to the insured from the insurer.

13. The audit of the Workers Compensation Policy resulted in an additional premium of $509,441.00 owed by BRBRC to Arch (the "Workers Compensation Additional Premium").

14. The audit of the Commercial General Liability Policy resulted in a return premium of $738.00 owed by Arch to BRBRC (the "Commercial General Liability Return Premium").

15. The audit of the Business Auto Policy resulted in a return premium of $13,545.00 owed by Arch to BRBRC (the "Business Auto Return Premium").

16. BRBRC failed and refused to remit payment of the $496,634.00 (the "Additional Premium") owed to Arch pursuant to the terms of the Policies.

17. Arch billed and/or issued demands for payment of the Additional Premium to BRBRC in a timely fashion.

18. Prior to commencing the instant litigation, Arch demanded payment of the Additional Premium owed by BRBRC and attempted to collect the same without success.

19. Through its failure and refusal to remit payment of the Additional Premium, BRBRC breached its contract with Arch.

20. BRBRC has failed, refused and continues to refuse to pay the balance due and owing to Arch thereby causing Arch to suffer damages in the amount no less than $496,634.00 plus interest, attorney's fees and litigation costs.

**WHEREFORE**, Arch demands judgment against BRBRC in an amount no less than $496,634.00, together with, interest, attorney's fees, costs of suit, and such further relief as this Court deems just and proper.

## COUNT TWO
### (Unjust Enrichment)

21. Arch repeats, restates and realleges the allegations of Paragraphs 1 through 20 as if fully set forth herein.

22. Arch has provided insurance coverage and related services to BRBRC for which BRBRC has refused to pay and has been unjustly enriched thereby.

23. Arch has repeatedly demanded that BRBRC remit payment of the amount due and owing to Arch.

24. BRBRC has failed, refused and continues to refuse to pay the balance due and owing to Arch thereby unjustly enriching BRBRC and causing Arch to suffer damages in an amount no less than $496,634.00, plus interest, attorney's fees and costs.

**WHEREFORE**, Arch demands judgment against BRBRC in an amount no less than $496,634.00, together with, interest, attorney's fees, costs and expenses of suit, and such further relief as this Court deems just and proper.

## COUNT THREE
### (Account Stated)

25. Arch repeats, restates and realleges the allegation of Paragraphs 1 through 24 as if fully set forth herein.

26. BRBRC being indebted to Arch upon an account stated between them, promised to pay Arch the amount owed on demand.

27. Arch repeatedly has demanded that BRBRC remit payment for the amount owed to Arch. BRBRC, however, has failed and refused to remit payment.

28. BRBRC's failure to pay the balance due and owing to Arch has caused Arch to suffer damages in an amount no less than $496,634.00, plus interest, attorney's fees and costs.

**WHEREFORE**, Arch demands judgment against BRBRC in the amount of $496,634.00, together with interest, attorney's fees, costs of suit, and such further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Arch Specialty Insurance Company demands trial by jury in this action of all issues so triable.

Date: January 16, 2025                              HINSHAW & CULBERTSON LLP

                                         By:  /s/ *Kimia Karami*
                                              KIMIA KARAMI
                                              Attorneys for Plaintiff
                                              ARCH SPECIALTY INSURANCE
                                              COMPANY

# CERTIFICATE OF SERVICE

**ARCH SPECIALTY INSURANCE COMPANY v. B.R. BUILDING RESOURCES COMPANY**

CaseNumber

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 350 South Grand Ave., Suite 3600, Los Angeles, California 90071-3476.

On _____, I served the document(s) entitled COMPLAINT, on the interested parties in this action as stated below:

## SEE ATTACHED SERVICE LIST

☐ **(BY MAIL):** I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(VIA OVERNIGHT MAIL):** I deposited such envelope to be placed for collection and handling, via UPS following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked up by UPS at Los Angeles, California.

☐ **(BY ELECTRONIC MAIL):** By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☐ **(BY CM/ECF SERVICE):** I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on _____, at Los Angeles, California.

Anita Varela